UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUUD JABOLIN (A-060-808-359),<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-6379 DC CSK<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner Ruud Jabolin (A-060-808-359), a native and citizen of Haiti who is proceeding without counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] In 1997, petitioner entered the United States with his mother, and was granted lawful permanent resident status in 2009, at the age of 13. On February 2, 2026, U.S. Immigration and Customs Enforcement ("ICE") officials detained petitioner. On August 10, 2026, an immigration judge ordered him removed. This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends that the petition for writ of habeas corpus be denied.

///

///

[1] Petitioner is proceeding in forma pauperis. This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND

Petitioner entered the United States in 1997, and was granted lawful permanent resident status in 2009 when he was 13 years old. (ECF No. 1 at 5.) On December 5, 2023, petitioner was convicted of attempted first degree murder/premeditated, deadly mischief, and criminal mischief, and sentenced to five years imprisonment. (See id. at 6; ECF No. 7-4 at 9, 12.)

On February 2, 2026, petitioner was detained by ICE. (ECF No. 1 at 5.) On August 10, 2026, an immigration judge ordered petitioner removed. (ECF No. 7-2 at 4.) Both parties waived appeal. (Id.) Petitioner is now housed at the Central Louisiana ICE Processing Center for the next removal flight to Brazil or Haiti in the alternative. (ECF No. 7 at 1; ECF No. 7-1 at 2.)

## II. PROCEDURAL BACKGROUND

On August 11, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On August 20, 2026, respondents filed a notice of change in custody location and a motion to dismiss the petition. (ECF No. 7.) Petitioner did not file an opposition. Briefing is complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes the petition challenging his detention based on a violation of the Fifth

Amendment Due Process clause. (ECF No. 1 at 16-17.) Respondents argue that petitioner is lawfully detained pursuant to 8 U.S.C. § 1231(a)(2) as he is subject to a final order of removal and the 90-day removal period has not expired. (ECF No. 7 at 1.) Therefore, there is no prejudice to respondents in the Court's construction.

**A. Detention Authority**

It is undisputed that petitioner is subject to a final order of removal. (ECF No. 7 at 1; ECF No. 7-2.) Pursuant to 8 U.S.C. § 1231(a)(1), the Attorney General of the United States shall remove a noncitizen within 90 days, which is referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following: (i) the date the removal order becomes administratively final; (ii) if the removal order is judicially reviewed and a stay of removal is ordered, the date of the court's final order; or (iii) the date the noncitizen is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B). During the removal period, the noncitizen shall be detained. 8 U.S.C. § 1231(a)(2).

Here, the immigration judge ordered petitioner removed on August 10, 2026. (ECF No. 7-2.) The immigration judge's decision reflects that both parties waived appeal. (ECF No. 7-2 at 4.) Accordingly, petitioner's removal order became final on August 10, 2026.

The 90-day mandatory § 1231(a)(2) removal period began on August 10, 2026 and ends on November 8, 2026. As petitioner is still within the 90-day removal period, he remains subject to mandatory detention until the expiration of the removal period. See 8 U.S.C. § 1231(a)(2); Zadvydas, 533 U.S. at 698 (the statute "mandates detention of certain criminal aliens during the removal proceedings and for the subsequent 90-day removal period"). Accordingly, the Court finds the petition should be denied because petitioner is lawfully subject to mandatory detention under 8 U.S.C. § 1231(a)(2).

**B. Petitioner's Due Process Claim**

The Court declines to reach petitioner's due process claim as the Ninth Circuit has found that detention during the 90-day removal period pursuant to U.S.C. § 1231(a)(2) passes constitutional scrutiny. See Khotesouvan v. Morones, 386 F.3d 1298, 1301 (9th Cir. 2004). The Court also declines to reach petitioner's arguments regarding prolonged detention under the

Zadvydas framework where this record reflects he remains detained pursuant to the mandatory 90-day removal period. See id. (the Zadvydas due process analysis does not extend to § 1231(a)(2) where the danger of "indefinite, perhaps permanent" civil confinement does not exist when the government is holding a noncitizen under § 1231(a)(2), a provision authorizing detention for 90 days only) (citing Zadvydas, 533 U.S. at 699).

**V. MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner filed a motion for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice.

**VI. CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is denied without prejudice.

Further, IT IS RECOMMENDED that:

1. Respondents' motion to dismiss (ECF No. 7) be GRANTED.
2. The petition for writ of habeas corpus (ECF No. 1) be DENIED without prejudice.
3. The Clerk of the Court be directed to enter judgment in favor of respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to

///

///

file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 3, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/jabo6379.mtd.2241.imm